**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| CLYDE FRANKLIN HOLLAND, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | CASE NO. 5:16-CV-331-TES-MSH |
| Warden GREGORY MCLAUGHLIN, | : | |
| *et al.*, | : | |
| | : | |
| Defendants. | : | |

_____

## ORDER AND REPORT AND RECOMMENDATION

Pending before the Court is Defendants Fye, McLaughlin, and Robinson's motion for summary judgment (ECF No. 45) and Plaintiff's motions seeking appointed counsel (ECF No. 47), leave to amend his complaint (ECF No. 52), and an order to compel Defendants to provide information (ECF Nos. 58, 60). For the reasons explained below, Plaintiff's motions are denied and it is recommended that Defendants' motion for summary judgment be granted.

## BACKGROUND

Plaintiff's claims concern his medical treatment while imprisoned. He alleges multiple instances of inadequate medical care by Defendants, including the following:

1) Defendant Robinson being unresponsive to Plaintiff's need for dental care since January 2016, which led to Plaintiff experiencing a great deal of pain, "bad acid reflux," and difficulty eating.

2) Dr. Fye refusing to treat Plaintiff with Harvoni, a new Hepatitis-C drug that has a 96% cure rate and no side-effects.

3) Warden Gregory McLaughlin denying multiple grievances which Plaintiff filed concerning his medical treatment, refusing to help Plaintiff despite being aware of his need for dental and medical treatment, and allowing Plaintiff to be held in a dangerous cell and permitting "violation of emergency transport" rules.

Suppl. Compl. 3, 7, 11, ECF No. 8. Plaintiff named the following Defendants in his original complaint: 1) Dr. Fye; 2) Dr. Robinson; 3) Gregory McLaughlin; 4) the Georgia Department of Corrections ("GDC"); 5) unknown medical and dental providers for Macon State Prison; 6) Phoebe Sumter; and 7) Dr. Barbara Dalrymple. Following preliminary screening, only Plaintiff's deliberate indifference claims against Defendants Robinson, Fye, and McLaughlin remain. Order adopting R. & R. 3, ECF No. 23. On April 26, 2018, Plaintiff was granted permission to amend his complaint with information clarifying the identity of previously unnamed Defendants. Order, 1-2, ECF No. 34. However, Plaintiff then sent a letter to the Court explaining that the information concerning newly identified Defendants was intended for a different suit he was a party to. Letter 1, ECF No. 41. On May 7, 2018, the Court construed Plaintiff's letter as a notice of voluntary dismissal against the newly identified Defendants and dismissed them. Text-Only Order, ECF No. 42. Defendants moved for summary judgment on June 1, 2018, arguing that there is no genuine issue of material fact and that they are entitled to qualified immunity from all of Plaintiff's claims. Br. in Supp. of Mot. for Summ. J. 1-2, ECF No. 45-1.

# DISCUSSION

## I. Summary Judgment

### A. Standard

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

"The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion [] and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1292 (11th Cir. 2012) (internal quotation marks and citations omitted) (alterations in original). "The burden then shifts to the non-moving party to rebut that showing by producing affidavits or other relevant and admissible evidence beyond the pleadings." *Id.* (internal quotation marks and citations omitted). "The non-moving party does not satisfy its burden if the rebuttal

evidence is merely colorable, or is not significantly probative of a disputed fact." *Id.* (internal quotation marks and citations omitted).

Under Local Rule 56, a non-movant must respond "to each of the movant's numbered material facts[, and] [a]ll material facts contained in the moving party's statement which are not specifically controverted by specific citation to the record shall be deemed to have been admitted, unless otherwise inappropriate." M.D. Ga. L. R. 56. Accordingly, the Court deems admitted those facts not specifically controverted by Plaintiff.

### B. Defendants' Motion

Defendants moved for summary judgment on June 1, 2018 (ECF No. 45). Plaintiff first responded to Defendants' motion on June 18, 2018, (ECF No. 48) and later submitted two surreplies without the Court's permission (ECF Nos. 50, 51). Because no genuine issue exists regarding any material fact such that trial is required, the Court recommends granting judgment in favor of each remaining Defendant.

#### 1. Defendant Robinson

Defendants have presented evidence of the following facts regarding Defendant Robinson's dental treatment of Plaintiff. Defendant Robinson examined Plaintiff's dentures and placed his name on the waiting list for replacement only twenty days after he requested care on January 1, 2016. Statement of Material Facts ¶¶ 2-3, 5. She met with Plaintiff again in March 2016, when his name got to the top of the waiting list, and sent his upper denture for repair. *Id.* ¶ 3, 6. That month, due to Defendant Robinson's actions, Plaintiff was provided with a new upper denture that was satisfactory to him. *Id.* ¶ 7. Also,

Plaintiff had a prior history of digestive issues and low blood sugar before he alleges Defendant Robinson's failure to treat his dental issues resulted in similar issues. *Id.* ¶ 8-10. Plaintiff does not directly refute any of those facts, which show Defendant Robinson did treat Plaintiff's dental issues as she became aware of them. *See generally* Resp. to Mot. for Summ. J.; *see also* Surreply, ECF No. 50. Because there is no genuine issue of material fact relating to Plaintiff's claim against her, Defendant Robinson's motion for summary judgment should be granted.

### 2. Defendant Fye

Defendants argue Defendant Fye is entitled to summary judgment because undisputed facts show "she was not deliberately indifferent to [Plaintiff's serious medical need]." Br. in Supp. of Mot. for Summ. J. 14. Defendants show that the GDC follows the Federal Bureau of Prison recommendations for assessing and prioritizing patients for antiviral drug treatments of the sort Plaintiff claims he requires. Statement of Material Facts ¶¶ 21-24. They also show that Plaintiff's condition has been consistently monitored and treated in accordance with GDC standards. *Id.* ¶¶ 25-35, 37. Finally, Defendants show that Plaintiff has not pointed to any specific harm suffered by not receiving "Harvoni" instead of his current prescribed treatment. Br. in Supp. of Mot. for Summ. J. 15; Statement of Material Facts ¶¶ 38-39. Plaintiff has not directly contradicted any of Defendants' factual showings regarding his claim against Defendant Fye. Accordingly, it is recommended that Defendant Fye's motion for summary judgment be granted. *See Black v. Alabama Dep't of Corr.*, 578 F. App'x 794, 795 (11th Cir. 2014) (affirming grant of summary judgment to defendants where it was "undisputed" that the plaintiff had received

regular care and monitoring of Hepatitis C condition and noting that "mere disagreement between an inmate and the prison's medical staff" regarding course of treatment is not sufficient to establish deliberate indifference claim).

### 3. Defendant McLaughlin

Last, Defendants contend Defendant McLaughlin is entitled to summary judgment because he "was never aware of, nor did he have authority over, Plaintiff's medical needs." Br. in Supp. of Mot. for Summ. J. 16. Defendants show that Defendant McLaughlin is not a trained medical provider, was never specifically aware of Plaintiff's medical issues, and generally refrains from "dictat[ing] an inmate's course of [medical] treatment." Statement of Material Facts ¶¶ 40-42. They also show that "medical personnel," rather than Defendant McLaughlin, "make the decision as to how to transport an inmate to the hospital." *Id*. ¶ 44. Next, Defendants show that Plaintiff never informed Defendant McLaughlin, or anyone else, that the locker he hit is head on was dangerous, despite being housed in the cell in which the injury occurred for at least six months prior to the injury. *Id*. ¶¶ 46-53. They also show that Plaintiff received substantial medical treatment for his head injury the same day it occurred. *Id*. ¶¶ 55-58. Plaintiff does not directly contradict any of Defendants' factual showings. Because the undisputed facts show that Defendant McLaughlin was not aware of, nor disregarded, any excessive risk to Plaintiff's health and safety, it is recommended that his motion for summary judgment be granted. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety.").

## II. Plaintiff's Motions

### A. Motion for Appointed Counsel

Plaintiff moved for appointed counsel on June 18, 2018 (ECF No. 47). In his motion, Plaintiff claims he requires counsel because the issues of the case have become complex and he has limited knowledge of federal laws. Mot. for Appointed Counsel 1, ECF No. 47. The Court denied Plaintiff's previous motion seeking appointed counsel on April 26, 2018. Order 2-3, ECF No. 34.

As noted before, under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." There is, however, "no absolute constitutional right to the appointment of counsel" in a § 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (per curiam). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether legal counsel should be provided, the Court considers, *inter alia*, the merits of Plaintiff's claims and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989) (en banc). Because the facts of this case are not complicated, and the law governing Plaintiff's claims remains neither novel nor complex, Plaintiff's renewed motion seeking appointed counsel (ECF No. 47) is denied.

### B. Motion to Amend

On September 7, 2018, Plaintiff moved for leave to file "an amended complaint adding other parties." Mot. to Amend 1, ECF No. 52. After the window for amendment as a right has closed a party may still amend its pleading with either the opposing party's written consent or "the court's leave." Fed. R. Civ. P. 15(a)(2). Under Rule 15(a)(2),

courts should "freely give leave when justice so requires." *Id.* Here, Plaintiff claims he must amend his complaint because Defendants' counsel have admitted and confessed their clients' guilt and also stated "that other [defendants] are also . . . guilty." Mot. to Amend 1. The Court recognizes no such admission or statement, and as noted above, recommends granting Defendants' motion for summary judgment. Accordingly, Plaintiff's motion for leave to amend his complaint is denied, as the interests of justice do not require that leave be given here.

### C. Motions to Compel

Plaintiff filed his first motion to compel on February 14, 2019 (ECF No. 58). Therein, he asks the Court "to order the Defendants to provide Plaintiff with the engineer and supervisor's full names and the names of there [sic] employer" because he believes there "is a work order for any and all work performed" which Defendant McLaughlin "clearly" gave. 1st Mot. to Compel 1, ECF No. 58. He does not provide any further information regarding supporting facts or reasons to believe such a document exists. Plaintiff filed an amended motion on February 28, 2019, in which he attempts to "clarify . . . materials sought are the object of outstanding discovery" but largely reiterates his claims for relief. 2nd Mot. to Compel 1-7, ECF No. 60.

"[M]otions to compel discovery should be filed before discovery closes." *Harris v. Bishop*, No. 1:13-cv-53, 2014 WL 3385306, at *3 (M.D. Ga. July 9, 2014). If a party waits to seek compelled discovery until after the opposing party has moved for summary judgment "[a] district court has a range of choices in deciding whether to compel discovery in response to a Rule 56 summary judgment motion." *May v. Hetzel*, 630 F. App'x 994,

997 (11th Cir. 2015); *see* Fed. R. Civ. P. 56(d). A party seeking an order to compel like the one Plaintiff seeks here, "cannot rely on vague assertions that additional discovery will produce needed but unspecified facts" and, instead, must specifically show how the sought discovery "will rebut the moving party's showing of the absence of a genuine issue of fact." *May*, 630 F. App'x at 997.

Here, Plaintiff filed his first motion to compel until over a year after the discovery period closed. *See* Order & R. & R. 12, ECF No. 9. He has also not made the required showings for additional discovery under Rule 56. Accordingly, Plaintiff's original and amended motions to compel discovery (ECF Nos. 58, 60) are denied.

## CONCLUSION

For the reasons explained above, it is recommended that Defendants' motion for summary judgment (ECF No. 45) be granted and Plaintiff's motions seeking appointed counsel (ECF No. 47), leave to amend his complaint (ECF No. 52) and compelled discovery (ECF Nos. 58, 60) are denied. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation within fourteen (14) days after being served with a copy hereof. The district judge shall make a *de novo* determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual

and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO ORDERED AND RECOMMENDED, this 5th day of March, 2019.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE