# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| CLYDE FRANKLIN HOLLDAND,<br><br>*Plaintiff,*<br><br>v.<br><br>WARDEN GREGORY MCLAUGHLIN, *et al.*,<br><br>*Defendants.* | CIVIL ACTION NO.<br>5:16-cv-00331-TES-MSH |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Magistrate Judge's Order and Report and Recommendation [Doc. 61] on Defendants Warden Gregory McLaughlin, Doctor Robinson, and Doctor Fye's Motion for Summary Judgment [Doc. 45]. The Magistrate Judge recommended that the Court grant Defendants' motion because Plaintiff did not provide evidence that created a genuine issue of material fact. *See generally* [Doc. 45]. Plaintiff filed an objection to the Magistrate Judge's recommendation that the Court dismiss his claim against Defendant McLaughlin but conceded that the Magistrate Judge was correct with respect to Plaintiff's claims against Defendants Fye and Robinson. [Doc. 62, at p. 5]. Plaintiff also took issue with the Magistrate Judge's denial of his Motion for Leave to File an Amended Complaint [Doc. 52]. [*Id.* at pp. 2–4]. However, because the Magistrate Judge had the independent authority to deny Plaintiff's Motion to Amend, the Court construes this part

of Plaintiff's objection as a second Motion for Leave to File an Amended Complaint. For reasons discussed below, the Court **DENIES** this motion.

Having thoroughly reviewed the Magistrate Judge's recommendation and Plaintiff's objection, the Court **ADOPTS** the Report and Recommendation [Doc. 61] and **MAKES IT THE ORDER OF THE COURT.** Accordingly, the Court **GRANTS** Defendants' Motion for Summary Judgment [Doc. 45].

### A. Motion for Leave to File an Amended Complaint

The Court denies Plaintiff's Motion for Leave to File an Amended Complaint. Plaintiff asks the Court to allow him to amend his Complaint to assert claims against Sergeant Mango and two engineers—Winder and Middleton—who he claims were responsible for the design of his cell. *See* [Doc. 62, at pp. 2 & 5]. Because of the timing of this motion, Plaintiff may only amend his Complaint with the Court's leave. *See* Fed. R. Civ. P. 15(a). The Court must "freely give leave when justice so requires" but the decision to grant leave to amend is ultimately within the Court's discretion. *Id.*; *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("[T]he grant or denial of an opportunity to amend is within the discretion of the District Court."). But the Court must not exercise its discretion arbitrarily; therefore, if the Court denies a motion to amend, it must give a valid reason for doing so. *Foman*, 371 U.S. at 182 ("[O]utright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion."). Among the valid reasons for denying a motion to amend are

2

"undue delay, . . . repeated failure to cure deficiencies by amendments previously allowed, . . . [and] futility of amendment." *Id.*

The Court finds that Plaintiff's undue delay in asserting his claim against Sergeant Mango warrant denying Plaintiff's motion with regard to this claim. Although Plaintiff does not allege Sergeant Mango's role in Plaintiff's injury, it is clear that Plaintiff knew of Sergeant Mango's role in the incident from the time Plaintiff filed his Complaint. *See* [Doc. 62, at p. 3]. Consequently, the Court finds that there was undue delay in asserting this claim. Plaintiff filed his Complaint in July of 2016 [Doc. 1], supplemented it four months later [Doc. 6], and amended it in April 2018 [Doc. 34] (granting Motion to Amend [Doc. 27] filed seven months earlier). Plaintiff had ample opportunity to assert a claim against Sergeant Mango, but chose to wait until after the close of discovery and Defendants' filing of a motion for summary judgment. In light of this case history and in the absence of compelling justification for such a delay, the Court denies Plaintiff's Motion for Leave to Amend his Complaint to add a claim against Sergeant Mango.

The Court also finds that allowing Plaintiff to assert a claim against the two engineers allegedly responsible for designing his cell would be futile. A motion to amend is futile when the new claims could not survive a motion to dismiss. *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1255 (11th Cir. 2008) ("Because justice does not require district courts to waste their time on hopeless cases, leave may be denied if a proposed amendment . . . fails to state a claim."). Here, Plaintiff made no supporting allegations of

3

wrongdoing on the part of the engineers nor did he identify the type of claims he intended to assert against them. The complete absence of allegations supporting a claim of any type means Plaintiff's amended complaint with claims added against the engineers simply would not survive a motion to dismiss even with the benefit of the liberal construction owed to *pro se* pleadings.

B. **Plaintiff's Objections to the Magistrate Judge's Report and Recommendation**

The Court now turns to Plaintiff's objections to the Magistrate Judge's Report and Recommendation and finds that they are without merit. The Magistrate Judge recommended that the Court dismiss Plaintiff's claim against Defendant McLaughlin because "Plaintiff [did] not directly contradict any of Defendants' factual showings." [Doc. 61, at p. 6]. With regard to Plaintiff's claim against Defendant McLaughlin, the Magistrate Judge noted that "the undisputed facts show that Defendant McLaughlin was not aware of, nor disregarded, any excessive risk to Plaintiff's health and safety." [*Id.*]. Rather than meeting the Magistrate Judge's recommendation head on, Plaintiff spends most of his objection dwelling on the fact of his injury and Defendants' alleged conduct *after* his injury occurred. *See, e.g.,* [Doc. 62, at p. 6]. The Court is, of course, sympathetic to Plaintiff and the serious injury he sustained, but the mere existence of an injury does not automatically entitle one to relief. As the Magistrate Judge made clear, Plaintiff's claim against Defendant McLaughlin can survive summary judgment only if he provides some evidence that Defendant McLaughlin "disregard[ed] an excessive risk" to Plaintiff's

4

health and safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Defendant McLaughlin specifically denied knowing of a risk posed by the locker and Plaintiff's supporting affidavit only stated that other officers at the facility knew of inmates hitting their heads on the locker. *Compare* [Doc. 45-8, at p. 4] *with* [Doc. 48-3, at p. 3]. In the absence of a specific rebuttal from Plaintiff as to Defendant McLaughlin's lack of knowledge, the Magistrate Judge appropriately recommended that the Court grant Defendants' Motion for Summary Judgment.

## **CONCLUSION**

For the reasons stated, the Court **DENIES** Plaintiff's Motion for Leave to Amend his Complaint [Doc. 62] and **ADOPTS** the Magistrate Judge's Order and Report and Recommendation [Doc. 61]. Consequently, the Court **GRANTS** Defendants' Motion for Summary Judgment [Doc. 45]. The Court **DIRECTS** the Clerk to close the case.

**SO ORDERED** this 25th day of March, 2019.

**S/ Tilman E. Self, III**
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
