# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **CLYDE FRANKLIN HOLLAND,**<br><br>*Plaintiff*,<br><br>v.<br><br>**WARDEN GREGORY MCLAUGHLIN,** *et al.*,<br><br>*Defendants.* | **CIVIL ACTION NO.**<br>**5:16-cv-00331-TES** |

## ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE
## TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Before the Court is Plaintiff Clyde Franklin Holland's Motion for Leave to Proceed *in Forma Pauperis* on Appeal [Doc. 66]. Plaintiff is appealing from the Court's adoption of the Magistrate Judge's Report and Recommendation [Doc. 61] which recommended that the Court grant the Defendants' Motion for Summary Judgment [Doc. 45]. *See* [Doc. 63] (order adopting Report and Recommendation).

Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24. 28 U.S.C. § 1915 provides:

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefore, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

. . .
(3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Fed. R. App. P. 24(a) provides:

(1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
> (A) shows . . . the party's inability to pay or to give security for fees and costs;
> (B) claims an entitlement to redress; and
> (C) states the issues that the party intends to present on appeal.

(2) If the district court denies the motion, it must state its reasons in writing.

Thus, the Court must make two determinations when faced with an application to proceed *in forma pauperis*. First, it must determine whether the plaintiff is financially able to pay the filing fee required for an appeal. Plaintiff was previously granted *in forma pauperis* status by demonstrating that he had no money in his inmate trust account and no recent deposits and he now attests to the same. *See* [Doc. 2] (Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* in district court). *See also* [Doc. 66] (Plaintiff's current Motion for Leave to Proceed *in Forma Pauperis*). Consequently, the Court finds that Plaintiff is unable to pay the $505 appellate filing fee.

Next, the Court must determine if Plaintiff has satisfied the good faith requirement. "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id.*; *Morris v. Ross*, 664 F.2d 1032, 1033 (11th Cir. 1981).

2

An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). "Arguable means being capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [*in forma pauperis*] appeal is frivolous, a district court determines whether there is 'a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

Although Plaintiff has not submitted a statement of the issues he intends to appeal, as is required under Federal Rule of Appellate Procedure 24(a)(1)(C), this Court's independent review of the issues addressed in the adopted Report and Recommendation and Order granting summary judgment demonstrates that Plaintiff's appeal is frivolous. *See Hyche v. Christensen*, 170 F.3d 769, 771 (7th Cir. 1999), overruled on other grounds by *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000) (explaining that the arguments to be advanced on appeal are often obvious and decisions regarding good faith can be made by looking at the "reasoning of the ruling sought to be appealed" instead of requiring a statement from the plaintiff). As discussed in the adopted Report and Recommendation, Plaintiff voluntarily dismissed Defendants Ellis, Hutchins, and Georgia Regents University, and there are no issues of material fact as to Plaintiff's Eighth Amendment claims against Defendants Robinson, Fye, and McLaughlin. Plaintiff agreed with the Magistrate Judge's

3

Report and Recommendation as to Defendants Robinson and Fye. [Doc. 62, at p. 2]. Furthermore, Plaintiff's Motion to Amend was properly denied for undue delay and as futile. The appeal, therefore, is not brought in good faith as there are no issues with arguable merit and the Court **DENIES** Plaintiff's Motion for Leave to Appeal *in Forma Pauperis* [Doc. 66].

If Plaintiff wishes to proceed with his appeal, he must pay the entire $505 appellate filing fee. Because Plaintiff has stated that he cannot pay the fee immediately, he must pay using the partial payment plan described under 28 U.S.C. § 1915(b). Pursuant to section 1915(b), the prison account custodian where Plaintiff is confined shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account (to the extent the account balance exceeds $10) until the $505 appellate filing fee has been paid in full. Checks should be made payable to "Clerk, U.S. District Court." The Clerk of Court is **DIRECTED** to send a copy of this Order to the custodian of the prison in which Plaintiff is incarcerated.

**SO ORDERED**, this 1st day of May, 2019.

S/ Tilman E. Self, III  
**TILMAN E. SELF, III, JUDGE**  
**UNITED STATES DISTRICT COURT**